**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-7228**

———————

JONATHAN EUGENE BRUNSON,

Plaintiff - Appellant,

v.

JEFFREY NEALE JACKSON; BARRY H. BLOCH; JESSICA B. HELMS; ELIZABETH B. JENKINS; BENJAMIN S. GURLITZ; CHARLTON L. ALLEN; PHILIP A. BADDOUR, III; YOLANDA K. STITH; MYRA L. GRIFFIN; KENNETH L. GOODMAN; JAMES C. GILLEN; TAMMY R. NANCE; CHRISTOPHER C. LOUTIT; BRIAN R. LIEBMAN; AMANDA M. PHILLIPS; KIMBERLEE FARR; BRITTANY A. PUCKETT; EMILY M. BAUCOM,

Defendants - Appellees.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:21-ct-03063-FL)

———————

Submitted:  April 28, 2025                    Decided:  May 22, 2025

———————

Before NIEMEYER, RICHARDSON, and HEYTENS, Circuit Judges.

———————

Dismissed in part and affirmed in part by unpublished per curiam opinion.

———————

Jonathan Eugene Brunson, Appellant Pro Se.  Ryan Y Park, Solicitor General, Sripriya Narasimhan, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Eugene Brunson seeks to appeal the district court's orders dismissing his civil complaint against Defendants, denying his "Motion for Reconsideration," and denying his "Motion to Vacate (under F.R.C.P. 60(b) and 60(b)(4)) & Motion for Recusal" ("Motion to Vacate").[1] We dismiss the appeal in part and affirm in part.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order dismissing Brunson's complaint on January 28, 2022, and the appeal period expired on February 28, 2022. Brunson filed the Motion for Reconsideration only 24 days later, on February 21, 2022, *see Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's notice of appeal is considered filed the moment it is delivered to prison authorities for mailing to the court), and the district court denied that motion by order entered August 30, 2022. Because the Motion for Reconsideration extended Brunson's time to appeal the dismissal order, *see* Fed. R. App. P. 4(a)(4)(A)(iv), (vi), Brunson's time to appeal either or both orders expired on September

---

[1] Brunson originally sought to proceed on appeal in forma pauperis under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). In *Brunson v. Stein*, 116 F.4th 301 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 1169 (2025), we confirmed that Brunson's prior dismissals under *Heck v. Humphrey*, 512 U.S. 477 (1994), constitute "dismissal[s] for failure to state a claim and [are] thus . . . strike[s] under the PLRA." *Id.* at 309. Brunson has since paid the filing fee for this appeal.

2

29, 2022.  Brunson filed his notice of appeal on October 19, 2022, *see Houston*, 487 U.S. at 276, after the 30-day appeal period expired.  Because Brunson failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss Brunson's appeal as to the district court's orders dismissing Brunson's complaint and denying the Motion for Reconsideration.

We nonetheless find that Brunson's notice of appeal was timely filed as to the district court's order denying the Motion to Vacate, which the district court entered a day before Brunson filed his notice of appeal.[2]  We have therefore reviewed the record as is relevant to the Motion to Vacate and discern no reversible error.  Accordingly, we affirm the district court's order.  *Brunson v. Jackson*, No. 5:21-cv-03063-FL (E.D.N.C. Oct. 13, 2022).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

---

[2] Because the Motion to Vacate was filed after the time allowed for seeking Rule 59(e) relief, the district court's order denying this motion did not extend Brunson's time to appeal the court's dismissal order.  *See* Fed. R. App. P. 4(a)(4)(A)(iv), (vi); *see also* Fed. R. Civ. P. 6(b)(2).